IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MIGUEL JIMENEZ-JIMENEZ<br><br>PLAINTIFF<br>v.<br><br>INTERNATIONAL HOSPITALY GROUP, INC. /CASINO DEL SOL<br><br>DEFENDANTS | CIVIL NO. 15-1461<br><br>RE:<br>AMERICANS WITH DISABILTIES ACT 42 U.S.C.A.12117, PR'S LAW NO. 44 OF JULY 2, 1985 (1 L.P.R.A 501 ET. SEQ.) RETALIATION<br>PR LAW 115 OF DECEMBER 20, 1991<br>DAMAGES EQUITABLE AND INJUNCTIVE RELIEF<br><br>TRIAL BY JURY |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE COURT:

NOW COMES the Plaintiff, through the undersigned attorney, and very respectfully alleges states and prays:

**INTRODUCTION**

1. Miguel Jimenez Jimenez (Jimenez or the Plaintiff) brings this action under Section 107(a) of the Americans with Disabilities Act (hereinafter referred to as "ADA"), 42 U.S.C. 12117, which incorporates by reference Section 706 of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5, Law No. 115 of December 20, 1991 (Law 115) and Puerto Rico's Law No. 44 of July 2, 1985 (1 L.P.R.A. 501 et seq.) to seek redress for the defendant's discrimination and retaliation against Jimenez.

1

## JURISDICTION

2. Jurisdiction of this action is conferred upon the Court by Section 706 of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5, Section 503 of the ADA, 42 U.S.C. 12503, Section 107(a) of the ADA, as well as under 28 U.S.C. 1331.

3. This Court's exercise of supplemental jurisdiction is invoked pursuant to 28 U.S.C. 1367 to hear the Commonwealth law claims because these arose from the same nucleus of operative facts.

4. Venue is proper in this district pursuant to 28 U.S.C. 1391 (b) (1) and (2).

5. All conditions precedent to jurisdiction under Section 706 of Title VII, 42 U.S.C. 2000e(f)(3) have occurred or haven been complied with:

   a. A charge of employment discrimination on the basis of disability was filed with the Puerto Rico Department of Labor Anti-Discrimination Unit and the Equal Employment Opportunity Commission ("EEOC"), within 300 days of the commission of the unlawful employment practice alleged herein.

   b. After proceedings at the Department of Labor, the parties could not solve their differences.

   c. The EEOC issued a Right-to-sue letter that was received after March 31, 2015.

   d. This complaint is being filed within 90 days of receipt of the right-to-sue letter.

6. All the discriminatory employment practices alleged herein were committed within the Commonwealth of Puerto Rico.

7. Defendant INTERNATIONAL HOSPITALY GROUP, INC. /CASINO DEL SOL (hereinafter referred to as "Casino del Sol") is a corporation duly organized under the laws of

Puerto Rico.

8. Defendant is a "person" within the meaning of Section 101(7) of the ADA, 42 U.S.C.A 12111(7) and Section 701 (a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e(a).

9. Defendant employs 15 or more employees and is õemployerö within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C.A. 12111(5)(A) and Section 701(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e(b).

10. Defendant is engaged in an industry affecting commerce within the meaning of section 101 (7) of the ADA, 42 U.S.C.A. 12111(7) and Section 701 (h) of the Civil Rights Act of 1964, 42 U.S.C.A. 2000e(h).

## THE NARRATIVE

12. Jimenez is of legal age.

13. Jimenez works for defendant since 2008 as casino croupier/dealer.

14. At all relevant times, Jimenez has suffered from, among others conditions, of a severe allergic condition that makes him sensitive to the smell of some perfumes and chemicals. The exposure to certain environmental scents triggers adverse effects on Jimenezø disability such as short breath, head and chest pain, nauseas, lack of orientation, lack of concentration and finally fainting. Therefore, Jimenez is an individual with a "disability" as that term is defined in Section 3(2) of the ADA, 42 U.S.C. 12102(2).

15. At all relevant times, Jimenez has suffered from, among others conditions, of a severe allergic condition that makes him sensitive to the smell of some perfumes and chemicals. The exposure to certain environmental scents triggers adverse effects on Jimenezø disability such

as short breath, head and chest pain, nauseas, lack of orientation, lack of concentration and finally fainting. Therefore, Jimenez is an individual with a "disability" as that term is defined under Puerto Rico's Law No. 44 of July 2, 1985 (1 L.P.R.A. 501 et seq.).

16. At all relevant times, Jimenez was perceived and regarded by Defendant as having an impairment and/or having a record of a misclassified impairment and is an individual with a "disability" as that term is defined by "ADA", 42 U.S.C. 12102(2)(b) and (c).

17. At all relevant times, Jimenez was perceived and regarded by Defendants as having an impairment and/or having a record of a misclassified impairment and is an individual with a "disability" as that term is defined by Puerto Rico's Law No. 44 of July 2, 1985 (1 L.P.R.A. 501 et seq.)

18. Jimenez has been requesting to defendant reasonable accommodation in his employment for his condition. Jimenez has even submitted recommendations of reasonable accommodations from his allergist and the reasonable accommodation has not been granted. The following incidents, among others, have occurred:

a. On October 14, 2014, Jimenez had to go out of the employees' resting room because a coworker had a strong perfume odor. Jimenez told the manager to make the accommodation, but the manager assigned this coworker to the roulette table, which was the table next to his. The medical symptoms of the allergic inimmediately appeared. The table supervisor immediately told the manager that Jimenez presented symptoms, but he did nothing. When Jimenez began collapsing on the table, he had to be removed from the table. The manager did not want to make adjustments, as requested in that moment by Jimenez, and sent Jimenez home.

b. On November 27, 2014, Jimenez had to go home because a coworker had a strong

perfume odor.

c.  On November 29, 2014, Jimenez had to go out of the employees' resting room because this coworker had a strong perfume odor. Even though Jimenez requested to be assigned a different resting time than the assigned to the coworker, the manager did not do it.

d.  On November 30, 2014, Jimenez had again to go home sick because this coworker had strong perfume odor.

e.  Between August and October 2014, there was an extremely strong odor caused by a chemical to seal floors or roofs that was situated in the resting room. I had contact with it for a few seconds when I had to go to punch and went out completely intoxicated. This cost me several days of absent to my work and a lot of discomfort for several weeks.

f.  Jimenez has been even admonished at his employment for trying to protect his health. This has happened on a few occasions, including one on February 8, 2015, which was also in retaliation to the charge filed by Jimenez before the ADU and the EEOC, and his continue requests for a deserved and reasonable accommodation.

19.  Defendant's conduct is the proximate cause of Jimenez' damages.

## FIRST CAUSE OF ACTION:
## DISCRIMINATION DUE TO DISABILITY UNDER
## THE ADA AND LAW NO 44

20.  Jimenez repeats and realleges each and every preceding allegation as if fully set herein.

21.  Jimenez is a qualified individual with a disability or an individual within the meaning of Section 101(8) of the "ADA", 42 U.S.C. 12111(8), who was treated, perceived

and regarded as a person with a disability by Defendant, who, with or without reasonable accommodation, could perform the essential functions of his position.

22. Jimenez is a qualified individual with a disability within the meaning of Section 101(8) of Article 1 of Puerto Rico's Law No. 44 of July 2, 1985 (1 L.P.R.A. 501 et seq.).

23. Defendant's actions, discrimination and refusal to provide reasonable accommodation to Jimenez is a blatant act of discrimination under the ADA.

24. Defendant's actions are discriminatory actions prohibited by Article 6 of Puerto Rico's Law 44 of July 1985 (1 L.P.R.A. 501 et seq.).

25. Defendant's discriminatory actions against Jimenez were carried out with intended malice and reckless indifference to the federally protected rights of Jimenez.

26. Defendant's discriminatory actions caused, continue to cause, and will cause Jimenez to suffer substantial damages due to physical damages, mental anguish and other pecuniary and non-pecuniary losses.

27. Pursuant to Section 107(a) of "ADA", which incorporated by reference Section 706 of the Civil Rights Act of 1964, 42 U.S.C. 2000e-5, Jimenez is entitled to injunctive relief enjoining defendant from engaging in any further prohibited discrimination against Jimenez on the basis of his disability or his perceived disability and/or because of his record of misclassified impairment.

28. Pursuant to 42 U.S.C. 1988, Jimenez is entitled to recover compensatory damages, including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

29. Pursuant to 42 U.S.C. 1988, Jimenez and his attorney are entitled to recover

attorney's fees.

30. Pursuant to Puerto Rico Law No. 44 of July 2, 1985, (1 L.P.R.A. 501 et seq.), Jimenez is also entitled to recover compensatory damages, including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses and an additional equal amount as liquidated damages.

31. Pursuant to 42 U.S.C. 1988, Jimenez is entitled to recover punitive damages from Defendant because it discriminated against him with malice and/or reckless indifference to his federally protected rights.

32. Pursuant to 42 U.S.C. 12205, Jimenez is entitled to reasonable attorney's fees, including litigation expenses and the costs of this action.

## SECOND CAUSE OF ACTION FOR RETALIATION

33. Jimenez repeats and realleges each and every preceding allegation as if fully set herein.

34. Plaintiff was retaliated by the defendant in retaliation for engaging in a protected activities under Law 115, Law 44 and ADA. In fact, he participated in protected activities and adverse actions were subsequently taken against him. There is a casual connection between the Plaintiff's participation in the protected activity and the actions taken by the defendant.

35. As a result of defendant's retaliation, Plaintiff has been emotionally devastated.

36. Defendant is liable to the plaintiff for compensatory and emotional damages, back pay and double damages.

37. Defendant's retaliatory conduct constitutes a willful violation of the law and, as a result therefore, defendant is liable to Plaintiff for punitive damages.

## TRIAL BY JURY

38. Plaintiff demands that the instant action be tried before a jury.

## RELIEF REQUESTED

39. Plaintiff prays the Court to grant her the following relief:

a. Back pay, together with interest.

b. Lost benefits and salaries both, past and future.

c. An award of liquidated damages equal to twice the back pay lost by Jimenez.

d. An award of compensatory damages for physical damages, emotional suffering and distress resulting from Defendant's discriminatory and retaliatory actions not less than $85,000.00.

e. An award of double compensatory damages and backpay pursuant to Law No. 44 and Law 115.

f. An award of attorney's fees, together with costs and necessary disbursements.

g. A judgment against defendant for back pay and loss of employment benefits, plus interest as allowed by law until paid in full.

j. An award of $85,000.00 for compensatory damages.

k. An award for punitive damages in an amount of $75,000.00 or an amount to be determined at trial in this matter.

l. An award for reasonable attorney's fees, including litigation expenses and court costs.

m. Such other relief as the Court deems just and proper.

In San Juan, Puerto Rico, this 24th day of April 2015.

        S/Manuel Durán-Rodríguez
MANUEL DURAN-RODRIGUEZ, ESQ.
USDC- PR No.204512
MANUEL DURAN LAW OFFICE
1139 AMERICA MIRANDA AVE.
SAN JUAN, PUERTO RICO 00921
TEL. (787) 781-7373
FAX (787) 781-7771
Mduranlaw@aol.com