IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MIGUEL JIMENEZ-JIMENEZ, | |
| Plaintiff, | |
| v. | CIV. NO.: 15-1461 (SCC) |
| INTERNATIONAL HOSPITALITY GROUP, INC., | |
| Defendant. | |

## ORDER

Plaintiff filed suit on April 24, 2015, alleging that his employer, International Hospitality Group, Inc./Casino del Sol ("Casino del Sol"), failed to provide him with reasonable accommodation and retaliated against him after he filed a charge of discrimination, all in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117, Law No. 115 of December 20, 1991 and Puerto Rico's Law No. 44 of July 2, 1985. Docket No. 1. After plaintiff amended the complaint twice to include new allegations, Casino del Sol moved to

dismiss. Docket No. 37. Plaintiff opposed the request. Docket No. 38.

### I. Background

The plaintiff, Miguel Jimenez-Jimenez, worked as a casino croupier/dealer in Casino del Sol. He allegedly suffers from an allergic condition that makes him extremely sensitive to the smell of perfumes and chemicals. When exposed to those odors, he experiences shortness of breath, head and chest pain, nausea, lack of orientation and concentration, and even fainting. Docket No. 1.

Plaintiff sued his employer on the basis of discrimination due to disability under the ADA and state law. He also claimed that Casino del Sol retaliated against him for engaging in protected activities. Docket No. 1. Plaintiff amended the complaint on June 18, 2015. Docket No. 9. On July 10, 2015, defendant moved for judgment on the pleadings. Docket No. 14. While the request was pending, plaintiff sought leave to amend the complaint a second time to include causes of action for retaliation and constructive discharge. Docket No. 19.  The court granted leave and deemed the original motion for judgment on the pleadings moot without prejudice. Docket No. 34. Shortly after answering the Second Amended

Complaint ("SAC"), defendant renewed his petition for judgment on the pleadings. Docket No. 37.

## II. Standard

The standard for reviewing motions for judgment on the pleadings "is essentially the same" as that for a motion to dismiss under Fed. R .Civ. P. 12(b)(6), except  that "[a] Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole." *Aponte–Torres v. Univ. of P.R.*, 445 F.3d 50, 54–55 (1st Cir.2006). The facts are viewed in the light most favorable to the nonmovant and the court must draw all reasonable inferences to the nonmovant's favor. *R.G. Financial Corp. v. Vergara-Nuñez*, 446 F.3d 178, 182 (1st Cir. 2006). Judgment on the pleadings is appropriate "only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." *Zipperer v. Raytheon Co.*, 493 F.3d 50, 53 (1st Cir.2007)(quoting *Aponte–Torres*, 445 F.3d at 54); *Feliciano v. Rhode Island*, 160 F.3d 780, 788 (1st Cir.1998)(judgment on the pleadings "may not be entered unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of her claim which would entitle her to relief" ).

### III. Analysis

Plaintiff's SAC includes three causes of action. The first cause of action alleges discrimination due to disability under the ADA and Law No. 44 in the form of failure to provide reasonable accommodation. Docket No. 35. The second and third causes of action assert retaliation.

Defendant requests dismissal of the discrimination and retaliation claims for failure to exhaust administrative remedies.[1] Defendant also moves for judgment on the pleadings on the grounds that plaintiff's first and second causes of action for disability discrimination and retaliation fail to state a plausible cause for relief.

#### A. Failure to exhaust

The statutory prerequisites for filing a complaint claiming ADA violations require the timely filing of charge before the Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 12101-12213 (1990); *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 277 (1st Cir. 1999). Not doing so amounts to a failure to exhaust administrative remedies. *Valle-Arce v. Puerto Rico Ports Authority*, 632 F.Supp. 2d 138, 140 (D.P.R. 2009)(quoting *Jorge*

---

**1.** Defendant does not request dismissal of the cause of action for failure to accommodate.

*v. Rumsfeld*, 404 F.3d 556, 564 (1st Cir. 2005)).

Defendant avers that plaintiff included new causes of action in the SAC that were not within the scope of the EEOC charge. Though, generally, a civil complaint is limited by the charge filed with the EEOC, there are some instances where the courts have allowed additional causes of action not included in the charge. See *Lattimore v. Polaroid Corp*, 99 F.3d 456, 464 (1st Cir. 1996)(finding that a civil complaint may also include "the investigation which can reasonably be expected to grow out of that [EEOC] charge."); *Clockdile v. New Hampshire Dept. of Corrections*, 245 F.3d 1, 6 (1st Cir. 2001)(holding that retaliation claims not originally contemplated are preserved "so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency—e.g., the retaliation is for filing the agency complaint itself.").

Plaintiff's EEOC charge only avers that he was denied reasonable accommodation to avoid certain scents that caused him a severe physical reaction. Docket No. 37-2. Therefore, his claims of retaliation would only be preserved if they are "reasonably related to and grow out of the discrimination complained of" to the EEOC. The court finds that they do.

As recited in the SAC, plaintiff was allegedly retaliated

against due to his requests for reasonable accommodation and for having filed a charge of discrimination before the Puerto Rico Department of Labor's Anti-Discrimination Unit and the EEOC. Such allegations are intertwined with the claims made at the administrative level and, thus, are not unexhausted.

## B. Failure to state a plausible claim under the ADA

Defendant further argues that even if the court finds that plaintiff exhausted administrative remedies, his disability and retaliation claims do not survive scrutiny because he failed to state a plausible claim for relief.[2] According to defendant, the incidents that plaintiff recites in the SAC are either stray comments that do not amount to discriminatory animus, or legal conclusions.

In order to establish a claim under the ADA, in the absence of direct evidence of discrimination, a plaintiff must rely on circumstantial evidence and establish a prima facie case through the burden-shifting method developed in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 264 (1st Cir.1999). Under *McDonnell Douglas*, the plaintiff carries the initial burden of establishing a prima facie case of discrimination.

---

**2.** Defendant does not challenge the failure to accommodate claims.

*McDonnell Douglas*, 411 U.S. at 802. Once the plaintiff has done so, an inference of discrimination is raised. The burden then must shift to the employer, "to articulate some legitimate, nondiscriminatory reason" for its actions. *Id*. at 802-03. If the defendant meets the burden of rebuttal, the plaintiff must then show that the defendant's articulated reason was pretextual, and that the prohibited classification actually motivated the decision. *Texas Dept. Of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

After reviewing the allegations of the SAC, the court finds that plaintiff has sufficiently plead that he suffered discrimination. The SAC specifically avers that plaintiff was subjected to discriminatory comments made by managers of Casino del Sol . Docket No. 35 at ¶¶ 16 and 17. For example, on one occasion a manager allegedly commented that plaintiff "couldn't be with a woman" on account of his extreme reaction to certain smells. Furthermore, plaintiff described several incidents in which he was mocked by supervisors for his condition. Docket No. 35 at ¶¶ 18(e) and (g). Viewing the complaint in the light most favorable to plaintiff, and taking as true all the factual pleadings, it is palpable that plaintiff has effectively alleged that he was subjected to discrimination

based on his alleged condition.

However, even a most liberal reading of the SAC does not support a claim of retaliation. To prevail on a retaliation claim under the ADA, an individual "must show that he was engaged in protected conduct, that he was discharged, and that there was a causal connection between the discharge and the conduct." *Soileau v. Guilford of Maine, Inc.*, 105 F.3d 12, 16 (1st Cir. 1997).[3]

Though plaintiff says that he was constructively discharged in retaliation for requesting reasonable accommodation, he did not put forth any concrete allegations in the SAC to support his contention. All that plaintiff avers is that his manager (or managers)[4] told him in several occasions to "go home" at times when he was feeling ill because of strong odors. Docket No. 35 at ¶ 18(a) and (h). Asking an employee to take sick leave if he complains about his health is not, in and of itself, a retaliatory

---

**3.** The ADA prohibits discrimination against an individual "because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a).

**4.** It is not clear whether the allegations refer to the same person since plaintiff did not include the specific names in the SAC.

act. In fact, sick leave could be considered a reasonable accommodation for ADA purposes. *Criado v. IBM Corp.*, 145 F.3d 437, 443 (1st Cir. 1998)("A leave of absence and leave extensions are reasonable accommodations in some circumstances"); *Garcia-Ayala v. Lederle*, 212 F. 3d 638, 648-50 (1st Cir. 2000).

Moreover, plaintiff resigned from his job on May 14, 2015. Though he states that he was constructively discharged, he has not proffered any allegations to support his claims that he was forced to leave Casino del Sol to escape the intolerable working situation. *Marrero v. Goya of Puerto Rico, Inc.*, 304 F.3d 7, 28 (1st Cir. 2002)(quoting *Landgraf v. USI Film Prods.*, 968 F.2d 427, 430 (5th Cir.1992))("To prove constructive discharge, the plaintiff must demonstrate a greater severity or pervasiveness of harassment than the minimum required to prove a hostile working environment.").

The matter of causation is equally unpled. Plaintiff has not adequately alleged a link between his requests for a reasonable accommodation and his resignation. Therefore, the Court finds that the SAC does not contain a sufficient factual basis to state a plausible claim for relief stemming from retaliation.

### IV. Conclusion

Based on the foregoing, the court GRANTS in part, and DENIES in part defendant's motion for judgment on the pleadings. The claims of retaliation are dismissed without prejudice, but the claims of discrimination survive judgment on the pleadings.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of September, 2016.

<u>S/ SILVIA CARREÑO-COLL</u>

UNITED STATES MAGISTRATE JUDGE